UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE

<u>Bruce A. Melendy and</u>
<u>Donna Melendy, p/n/f of</u>
<u>Bruce W. Melendy</u>

    v.                                     Civil No. 07-cv-144-JM

<u>Douglas L. Moorhead</u>

**O R D E R**

Defendant moves for summary judgment (Document no. 8). Plaintiff's objection was filed almost two months late and, despite affording plaintiffs an opportunity to explain their tardiness (<u>see</u> Document no. 11), they declined to do so. Accordingly, plaintiffs' objection has been stricken, and defendant's pending motion for summary judgment is decided entirely on that filing.

**FACTS**

The facts as set forth by defendant in his affidavit are accepted as true.

Plaintiffs' son, Bruce W. Melendy ("Bruce"), was driving in a stock car race at White Mountain Motorsport Park in Woodstock, New Hampshire in August 2005, shortly before his 16th birthday. The race was red flagged and the race stopped. Bruce got out of his car and ran charging toward a car further up the track. Defendant ran from the pit area, across the track and the in-

field, to the area where Bruce and another driver were being separated by three track employees.  Young Melendy was visibly upset and shouting obscenities.  Despite being told to calm down, Bruce continued to yell and shout obscenities.

Defendant then told Bruce that he was being taken into custody.  He refused to leave the track and continued yelling obscenities.  He was escorted off the track by defendant.  Defendant contacted the on-duty cruiser.

Sergeant Brunelle arrived and took Bruce to the station where he was processed and released within an hour.  Bruce was 15 years old at the time of these events.  Defendant told Mrs. Melendy that he could enter juvenile petitions, but would not do so if Bruce wrote a letter of apology and promised no repeat behavior.  Defendant prepared three petitions but refrained from signing them.  Mrs. Melendy wrote Defendant telling him that Bruce had ADHD, was on medication and received counseling.  She also said she and his father do not condone his foul mouth.

Despite the weakness of the "apology," the defendant did not lodge the petitions.

## DISCUSSION

### 1. Summary Judgment Standard

Summary judgment is appropriate when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party

is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); see also Navarro v. Pfizer Corp., 261 F.3d 90, 93-94 (1st Cir. 2001) (citing authority). The burden of showing an absence of any genuine issues of material fact lies with the moving party. See id. The facts must be viewed in the light most favorable to the non-moving party, construing all reasonable inferences in his favor. See Suarez v. Pueblo Int'l, Inc., 229 F.3d 49, 53 (1st Cir. 2000). "The role of summary judgment is to pierce the boilerplate of the pleadings and provide a means for prompt disposition of cases in which no trial-worthy issue exists." Quinn v. City of Boston, 325 F.3d 18, 28 (1st Cir. 2003) (citing Suarez, 229 F.3d at 53). Here, accepting the defendants facts as true, there are no genuine issues of material fact and only legal questions remain in dispute. Accordingly, summary judgment is the appropriate method to resolve this matter. See Quinn, 325 F.3d at 28.

**2.   Probable Cause**

In support of his motion for summary judgment, defendant first argues that his actions were based on objective probable cause, which gave him the legal authority to detain Bruce Melendy. New Hampshire law defines "Disorderly Conduct," in pertinent part as:

> A person is guilty of disorderly conduct if:
>
> I.   He knowingly or purposely creates a condition which is hazardous to himself or another in a public place by any action which serves no legitimate purpose;

>    II.  He or she:
>
>        (b) Directs at another in a public place obscene, derisive, or offensive words which are likely to provoke a violent reaction on the part of an ordinary person; or . . .
>
>        (e) Knowingly refuses to comply with a lawful order of a peace officer to move from . . . any public place . . ..

New Hampshire Rev. Stat. Ann. ("RSA") 644:2 (2007).  The uncontroverted facts are that Bruce got out of his race car after the red flag was waived against track rules, that he used obscene language toward the other race driver in a public place and that he refused defendant's order to "leave the track."  Those facts establish probable cause to believe he was acting disorderly, in violation of RSA 644:2, I and II (b) and (e).

   3.   **R.S.A. 169–B:10.I**

Plaintiff alleges that defendant acted without authority when Bruce was detained, because he was released without pressing any formal charges.  Defendant counters that he was exercising the discretionary authority given to him under state law.  Defendant's argument is correct.  State law expressly permits an officer who has taken "a minor into custody (to) dispose of the case without court referral by releasing the minor to a parent . . .." RSA 169–B:10.I (2002).  That is precisely what defendant did and the statute expressly approves his acts.  As a matter of law, therefore, defendant was acting within his legal authority and jurisdiction when the challenged conduct occurred.

### 4. **Qualified Immunity**

Defendant also asserts the defense of qualified immunity in support of his motion for summary judgment.  He contends that even if his decision to detain Bruce was not supported by the requisite probable cause to invoke his authority under RSA 169-B:10, the challenged "conduct (did) not violate clearly established statutory or constitutional rights of which a reasonable person would have known."  Aversa v. United States, 99 F.3d 1200, 1214 (1st Cir. 1996) (quoting Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982).  To the contrary, defendant complied with the statute, and the circumstances presented here justified his reaction given the current state of the law.  See, e.g., State v. Gaffney, 147 NH 550, 554, 795 A.2d 243, 247 (2002) (finding loud, profane comments constituted disorderly conduct); State v. Benoit; 126 N.H. 6, 12, 490 A.2d 295, 299 (1985) (discussing discretionary authority RSA 169-B gives police officers).  Because defendant's conduct was objectively reasonable, he is entitled to qualified immunity for the claims lodged against him.  See Veilleux v. Perschau, 101 F.3d 1, 3 (1st. Cir. 1996).

**CONCLUSION**

For all the reasons set forth above, defendant's motion for summary judgment (Document no. 8) is granted.

**SO ORDERED.**

_____
James R. Muirhead
United States Magistrate Judge

Date:  February 7, 2008

cc:  R. Peter Decato, Esq.
     John A. Curran, Esq.